# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **POLLY ROARK,** | ) |
| Plaintiff, | ) Case No. 1:16CV00040 |
| v. | ) **OPINION AND ORDER** |
| **UNIVERSAL FIBERS, INC.** | ) By: James P. Jones |
| **ASSOCIATES SAVINGS PLAN,** | ) United States District Judge |
| Defendant. | ) |

*R. Lucas Hobbs and Sheri A. Hiter, Elliott Lawson & Minor, P.C., Bristol, Virginia, for Plaintiff; W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

In this case governed by the Employee Retirement Income Security Act, I previously denied the defendant's Motion for Judgment on the Pleadings. I found that rather than support judgment for defendant Universal Fibers, Inc. Associates Savings Plan ("Plan"), the record instead suggested that plaintiff Polly Roark is entitled to the proceeds of her late husband's retirement fund, which the defendant had mistakenly paid to the decedent's parents. Op. and Order, Jan. 6, 2017, at 10, ECF No. 22. Based on that ruling, the plaintiff has now herself moved for judgment on the pleadings. The motion has been fully briefed and orally argued and is ripe for determination.

In its response to the present motion, the Plan agrees that "the relevant facts are essentially undisputed." Resp. to Pl.'s Mot. 1, ECF No. 24. It does suggest that there is an issue as to its lack of knowledge that the decedent had a spouse at the time of his death. *Id.* The Plan points to 29 U.S.C. § 1055(c)(2)(B), which states that spousal consent to a beneficiary election is not required when "it is established to the satisfaction of a plan representative that the consent [of the spouse] may not be obtained because there is no spouse, because the spouse cannot be located, or because of such other circumstances as the Secretary of the Treasury may by regulations prescribe." A relevant Treasury Regulation provides the following question and answer:

> Q–27: Are there circumstances when spousal consent to a participant's election to waive the QJSA or the QPSA is not required?
>
> A–27: Yes. If it is established to the satisfaction of a plan representative that there is no spouse or that the spouse cannot be located, spousal consent to waive the QJSA or the QPSA is not required.

26 C.F.R. § 1.401(a)-20.

In this case, however, the Plan has not alleged that its representatives undertook any investigation or reviewed any documents to satisfy themselves that the decedent was unmarried at the time of his death. Before paying the account proceeds to the decedent's parents, the Plan could have examined public records to determine whether there was a surviving spouse. Simply requesting and reviewing

2

the death certificate likely would have informed the defendant that the decedent had left a widow. There is no indication in this case that the Plan representatives did anything at all to satisfy themselves that the decedent died unmarried. The cited statute and regulations thus do not shelter the Plan from its obligation to pay the money owed to the plaintiff.

Based on the undisputed facts of record, I find that the plaintiff is entitled to judgment on the pleadings and will grant her motion.

For the foregoing reasons, it is **ORDERED** that:

1. The plaintiff's Motion for Judgment on the Pleadings, ECF No. 23, is GRANTED. Judgment will be entered following the determination of the plaintiff's request for prejudgment interest and attorneys' fees;

2. The plaintiff must file a motion stating the grounds of her request for prejudgment interest and attorneys' fees within 14 days of the entry of this Opinion and Order. The motion for attorneys' fees must include the requirements set forth in Federal Rule of Civil Procedure 54(d)(2)(B)(ii, iii, iv), including the terms of any agreement between counsel and the plaintiff about fees for the services for which the claim is made. The Plan must file a response to the motion within 14 days thereafter. The plaintiff may file a reply within 7 days after filing of the response; and

3. The Plan must file any dispositive motions as to its Third-Party Complaint within 21 days of the date of entry of this Opinion and Order.

    ENTER: February 14, 2017

    /s/ James P. Jones
    United States District Judge